I find no error in the trial court's holding that the school bus driver's alleged negligence in allowing a very young child to alight from the bus under these circumstances is not subject to the R.C. 2744.02(B) (1) exception to liability.
"The negligent operation of any motor vehicle" is not limited by R.C.2744.02(B) (1) to negligence in the manner in which the vehicle is actually driven. Rather, the negligence involved reasonably includes any act or omission of an employee of a political subdivision that occurs while the employee is using a motor vehicle on the public roads, highways, or streets to perform duties he or she has been assigned and from which the plaintiff's injuries proximately result.
We have previously held that "operating any motor vehicle" includes a school bus driver's alleged negligence in assisting a student passenger off the bus. Groves v. Dayton Public Schools (March 31, 1999), Montgomery App. No. 17391, unreported. The same considerations reasonably apply to a driver's conduct in allowing a very young child off the bus. I am not persuaded that either Sears v. Saul (February 19, 1999), Montgomery App. No. 17102, unreported, which involved a board's designation of a school bus stop, or Turner v. Central Local School Dist. (Sept. 5, 1997), Wyandot App. No. 4-97-13, unreported, which involved a school bus driver's variance from a prescribed route, offer any support for our decision.
Nevertheless, I agree with Judge Brogan that the school district's liability for the driver's alleged negligence is barred by R.C.2744.03(A) (3). That section states:
 The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
There is evidence, which is undisputed, that an adopted policy of the school board permitted drivers to allow very young children to alight from a school bus in these circumstances into the care of either an adult or a responsible older sibling. The driver's decision to allow Derika Glover to alight from the bus into the care of her older brother was an exercise of the discretion reposed in him by the board with respect to his "enforcement" of the board's policy. Therefore, the board is immune from any liability resulting from negligence on the part of the driver in his exercise of that discretion.
Further, the driver himself is immune from liability for his alleged negligence pursuant to R.C. 2744.03(A) (6). His alleged acts or omissions were within the scope of his official duties. Reasonable minds could not find that his alleged acts or omissions were committed with a malicious purpose, in bad faith, or in a wanton or reckless manner. And, liability is not expressly imposed upon the driver for them by another section of the Revised Code.
I would affirm the judgment of the trial court on the foregoing basis.
Copies mailed to:
Ronald J. Maurer
Scott G. Oxley
Julie A. Droessler
Paul B. Roderer
Hon. James Gilvary
C/O Hon. Barbara P. Gorman